<u>Attorney of Record:</u>

Richard Samuel Ortiz, Esq.
EDNY Bar No. RO0824
Law Office Of Richard Samuel Ortiz
90-17 214 Street
Queens Village, NY 11428
Telephone: (347) 299-6213
Facsimile: (718) 928-2216
Email: Richardsamuel@ortizlawpractice.com
Attorney for Defendant, Samuel Gonzalez
d/b/a THE LAST TRADITION

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>        Plaintiff,<br><br>v.<br><br>SAMUEL GONZALEZ<br>d/b/a THE LAST TRADITION; and<br>DOES 1through 10 Inclusive,<br><br>        Defendant(s). | Civil Action No. 1:18-CV-05053-ENV-LB<br><br>ANSWER AND AFFIRMATIVE<br>DEFENSES TO COMPLAINT<br><br>JURY TRIAL DEMANDED |

Defendant SAMUEL GONZALEZ d/b/a THE LAST TRADITION ("Defendant"), by and
through its undersigned counsel, hereby states the following for its Answer and Affirmative
Defenses to the Complaint filed by Plaintiff Christopher Sadowski ("Plaintiff"). Defendant
responds to the paragraphs of the Complaint in numbered paragraphs that correspond to the
numbering system adopted in Plaintiff's Complaint. Defendant denies each allegation in the
Complaint unless expressly admitted.:

## PRELIMINARY STATEMENT

1. Defendant denies the allegations contained in paragraph 1 of the Complaint, and to the extent
   the allegations in paragraph 1 of the Complaint are legal conclusions, to which no answer is

required, Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint. Defendant denies the allegations in paragraph 3 of the Complaint, and to the extent the allegations in paragraph 3 of the Complaint are legal conclusions, to which no answer is required, Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

3. Defendant denies the allegations contained in paragraph 4 of the Complaint, and to the extent the allegations in paragraph 4 of the Complaint are legal conclusions, to which no answer is required, Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

4. Defendant denies the allegations contained in paragraph 5 of the Complaint, and to the extent the allegations in paragraph 5 of the Complaint are legal conclusions, to which no answer is required, Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

PARTIES

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

7. Defendant denies the allegations contained in paragraph 8 of the Complaint.

8. Defendant denies the allegations contained in paragraph 9 of the Complaint.

# FACTS

9.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

10. Defendant admits the allegations contained in paragraph 11 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

15. Defendant denies the allegations contained in paragraph 16 of the Complaint.

16. Defendant denies the allegations contained in paragraph 17 of the Complaint.

17. Defendant denies the allegations contained in paragraph 18 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

19. Defendant denies the allegations contained in paragraph 20 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 21 of the Complaint to the extent they concern the acts of others and otherwise denies the allegations contained in paragraph 21 of the Complaint.

21. Defendant admits that she is an attorney licensed to practice in New York, but otherwise denies the allegations in paragraph 22 of the Complaint.

22. Defendant denies the allegations contained in paragraph 23 of the Complaint.

23. Defendant denies the allegations contained in paragraph 24 of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

25. Defendant denies the allegations repeated and re-alleged in paragraph 26 of the Complaint.

26. Defendant denies the allegations in paragraph 27 of the Complaint, and to the extent the allegations in paragraph 27 of the Complaint are legal conclusions, to which no answer is required, Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

27. Defendant denies the allegations in paragraph 28 of the Complaint, and to the extent the allegations in paragraph 28 of the Complaint are legal conclusions, to which no answer is required, Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

28. Defendant denies the allegations in paragraph 29 of the Complaint.

29. Defendant denies the allegations in paragraph 30 of the Complaint.

30. Defendant denies the allegations in paragraph 31 of the Complaint.

31. Defendants denies the allegations in paragraph 32 of the Complaint

32. Defendants denies the allegations in paragraph 33 of the Complaint

33. Defendants denies the allegations in paragraph 34 of the Complaint

34. Defendants denies the allegations in paragraph 35 of the Complaint


PRAYER FOR RELIEF


35. Defendant denies the allegations upon which paragraph of the first bullet in Plaintiff's  prayer for relief wherefore clause is based and contends that Plaintiff is not entitled to any damages sought therein.

36. Defendant denies the allegations upon which paragraph of the second bullet in Plaintiff's

prayer for relief wherefore clause is based and contends that Plaintiff is not entitled to any

damages sought therein.

37. Defendant denies the allegations upon which paragraph of the third bullet in Plaintiff's prayer

for relief wherefore clause is based is not entitled to any general and special damages against

the Defendant according to any proof with interest thereon at the maximum legal rate.

38. Defendant denies the allegations upon which paragraph of the fourth bullet in Plaintiff's

prayer for relief wherefore clause is based and contents that Plaintiff is not entitled to any costs

or attorneys fees sought therein.

39. Defendant denies the allegations upon which paragraph of the fifth bullet in Plaintiff's prayer

for relief wherefore clause is based and contends that Plaintiff is not entitled to any injunctive

relief sought therein.

40. Defendant contends that Plaintiff is not entitled to any additional relief.


Attorney for Defendant


  /s/ **Richard Samuel Ortiz**
Richard Samuel Ortiz, Esq.,
EDNY Bar No. RO0824
Law Office of Richard Samuel Ortiz
90-17 214 Street
Queens Village, NY   11428
Tel: (347) 229-6213
Facsimile: (718) 928-2216
E-Mail: richardsamuel@ortizlawpractice.com

## FIRST AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Plaintiff's claims are barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE
**(Failure to State a Claim for Relief)**

Plaintiff has failed to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE
**(Lack of Subject Matter Jurisdiction/Failure to Register)**

Plaintiff's claims are barred for lack of subject matter jurisdiction because he lacks valid copyright registrations for the intellectual property rights asserted, or has not properly or timely registered his works.

## FOURTH AFFIRMATIVE DEFENSE
**(Fair Use)**

Plaintiff's claims are barred by the doctrine of fair use. News reporting is one of the categories of use expressly mentioned in the Copyright Act as particularly appropriate to the application of fair use doctrine in 17 U.S.C. § 107. Defendant's use of the photographs at issue was for news reporting which falls into the category of the presumption of fair use.

## FIFTH AFFIRMATIVE DEFENSE
**(Transformative Use)**

Defendant's use of the photograph was transformative. Defendant made the reproduction in the context of social commentary on the current state of affairs regarding public safety and gun violence  in the local New York City community.

## SIXTH AFFIRMATIVE DEFENSE
### (Public Interest)

Defendant's use was for public interest instead of commercial use. Defendant used the photograph at issue only for the public interest, instead of private interest, to express the public safety challenges faced concerning gun violence in the local New York City community.

## SEVENTH AFFIRMATIVE DEFENSE
### (Factual Use)

The purported copyrighted photograph is factual instead of creative. The photograph is primarily factual instead of creative works, because the photograph was not designed primarily to express emotions, ideas or feelings, but instead an attempt to highlight facts. The photograph at issue had been published previous to Defendant's use in this case.

## EIGHTH AFFIRMATIVE DEFENSE
### (Effects of Use Upon the Potential Market)

The news accompanying the photograph at issue was "hot" news, which was a recent phenomenon, and which will soon move into the public realm and lose its value completely, and thus, the photograph, which reflect the news, will lose their value simultaneously.

## NINTH AFFIRMATIVE DEFENSE
### (Invalidity or Unenforceability of Copyright)

Plaintiff's copyrights are invalid and/or unenforceable.

## TENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred by estoppel.

## TWELFTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's claims are barred by waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damage)

To the extent Plaintiff suffered any damages, which Defendant expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Forfeiture or Abandonment)

Plaintiff's claims are barred to the extent he has forfeited or abandoned his intellectual property.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Misuse of Copyright)

Plaintiff's claims are barred by the doctrine of misuse of copyright.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Substantial Non-Infringing Use)

Plaintiff's claims are barred because Plaintiff cannot establish that Defendant's service is incapable of substantial non-infringing use.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was in good faith and with non-willful intent, at all times.

## NINETEENTH AFFIRMATIVE DEFENSE
### (17 U.S.C.§ 109 and Exhaustion)

Plaintiff's claims are barred under 17 U.S.C.§ 109 and the doctrine of exhaustion.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Unconstitutionally Excessive Damages)

Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due process clause.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (First Amendment)

Plaintiff's claims are barred, to the extent that Defendant's actions and speech are protected by the First Amendment of the Constitution of the United States.

## ADDITIONAL DEFENSES

Defendant reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

**WHEREFORE**, Defendant respectfully requests:

Plaintiff's Complaint be dismissed with prejudice and with costs; For judgment against Plaintiff for the Defendant's attorney's fees, and expenses, including expert fees and paralegal fees, relating to this litigation; For such other and further relief as the Court deems just and proper.

Attorney for Defendant

  /s/ **Richard Samuel Ortiz**
Richard Samuel Ortiz, Esq.,
EDNY Bar No. RO0824
Law Office of Richard Samuel Ortiz
90-17 214 Street
Queens Village, NY   11428
Tel: (347) 229-6213
Facsimile: (718) 928-2216
E-Mail: richardsamuel@ortizlawpractice.com

Civil Action No. 1:18-CV-05053-ENV-LB


**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**
_____


CHRISTOPHER SADOWSKI

Plaintiff


v.

SAMUEL GONZALEZ
d/b/a THE LAST TRADITION; and
DOES 1through 10 Inclusive,

Defendant(s)

_____

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

_____



Richard Samuel Ortiz,Esq.
EDNY Bar No. RO0824
Law Office Of Richard Samuel Ortiz
90-17 214 Street
Queens Village, NY 11428
Telephone: (347) 229-6213
Facsimile: (718) 928-2216
Email: Richardsamuel@ortizlawpractice.com


Service of a copy of the within is hereby admitted
**Dated: October 14, 2018**


/s/ Richard Samuel Ortiz_____
**Richard Samuel Ortiz, Esq.**
Attorney for Defendant